UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

Civil Action No:      0:25-cv-62329

JOSUE GHELMAN,

      Plaintiff,

v.

TRICAM INDUSTRIES, INC., a Foreign
Corporation and HOME DEPOT USA, INC.,
A Foreign Corporation,

      Defendants.

_____/

## <u>COMPLAINT</u>

COMES NOW the Plaintiff, JOSUE GHELMAN, by and through his undersigned counsel, and hereby sues the Defendants, TRICAM INDUSTRIES, INC. (hereinafter referred to as 'TRICAM") and HOME DEPOT USA, INC. (hereinafter referred to as "HOME DEPOT"), and alleges as follows:

## I.    <u>PARTIES</u>

1.    At all times material hereto, Plaintiff, JOSUE GHELMAN, was and is a resident of Broward County and a citizen of the State of Florida.

2.    The Defendant, "TRICAM", is a Foreign for Profit Corporation, which is incorporated under the law of the State of Minnesota Corporation with its principal Place of business being located at 7677 Equitable Drive, Eden Prairie, Minnesota 55344 and at all times was authorized and doing business in the State of Florida and

Broward County specializing in in the design, development and engineering of consumer and professional home improvement goods, including "Gorilla Ladders".

3.     The Defendant, "HOME DEPOT", is a Foreign for Profit, which is incorporated in the State of Delaware with its principal place of business at 2455 Paces Ferry Rd, SE Atlanta, Georgia and at all times was authorized and doing business in the State of Florida and Broward County.

## II.     JURISDICTION & VENUE

4.     The District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1332 (a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. There is diversity of jurisdiction based upon the fact the Plaintiff, GHELMAN, is a resident of the State of Florida and the Defendants, TRICAM and HOME DEPOT'S, principal place of business's are the State of Minnesota and the State of Georgia, respectively.

5.     That Defendant, TRICAM, manufactures, sells, distributes, and produces multi-position ladders, specifically the 20 adjustable telescoping positions and 3 scaffold position, multi-position ladder (hereinafter known as the "Gorilla Ladder"), which are distributed and sold to the public through the Defendant, HOME DEPOT, stores, more specifically the Home Depot store located at 950 SE 12th Avenue Hialeah, Miami-Dade County, Florida.

6.     Venue is proper before this Court under 28 U.S.C. 1391 (a)(2), because a substantial part of the events giving rise to this claim occurred in Broward County, Florida.

### III.   <u>BACKGROUND</u>

7.   At all times material hereto, Defendant, TRICAM, was engaged in the business of selling to the public, private and governmental businesses, and otherwise, Gorilla Multi-Adjustable position ladders which were to be placed in the stream of commerce and were sold and distributed through their company, TRICAM, in the usual course and scope of its business.

8.   That the Defendant, HOME DEPOT, owned, managed, operated, maintained, engaged in and/or carried on a home improvement business known as HOME DEPOT at locations throughout South Florida was engaged in the business of purchasing from the Defendant, TRICAM, and selling to the Gorilla Ladder, 20 Adjustable Telescoping, Multi-Adjustable position ladder (hereinafter known as the "Gorilla Ladder") within Miami-Dade County, Florida.

9.   Prior to the Plaintiff purchasing the subject "Gorilla Ladder", the Defendant, TRICAM, manufactured, designed, distributed and sold the aforementioned "Gorilla Ladder" to the Defendant, HOME DEPOT, whereby HOME DEPOT sold the subject "Gorilla Ladder' through the Home Depot store located at 950 SE 12th, Hialeah, Miami-Dade County, Florida.

10.   In this particular case, the Plaintiff, GHELMAN, on June 11, 2024, purchased the subject "Gorilla Ladder" from the Home Depot store located at 950 SE 12th Street, Hialeah, Miami-Dade, County, Florida. (Attached as **Plaintiff's Exhibit #1** is a copy of the receipt of the purchase of the subject "Gorilla Ladder" on June 11, 2024, from Home Depot).

11.     After purchasing the subject "Gorilla Ladder", the Plaintiff took the ladder the same day to his residence located at 2546 N. 38th Avenue, Apt C-22, Hollywood, Broward County, Florida (hereinafter known as the "Subject Apartment"). The subject "Gorilla Ladder" was immediately stored in the residence garage and the Plaintiff did not attempt to utilize the "Gorilla Ladder" until five (5) days later on June 16, 2024.

12.     On June 16, 2024, The Plaintiff, GHELMAN, was attempting to use the subject "Gorilla Ladder" for the first time to install a security camera on the outside section of the "Subject Apartment".

13.     As the Plaintiff was initially attempting the use the subject "Gorilla Ladder" when, suddenly and without warning, the fly section buckled causing a catastrophic failure resulting in sections of the ladder to separate while the Plaintiff was on the ladder. This ladder's failure caused the Plaintiff to fall violently to the ground, causing serious and significant injuries.

14.     That on the above date, June 16, 2024, as the Plaintiff, while utilizing the subject "Gorilla Ladder", opened the ladder for the first time and positioned it on the entrance to the apartment, which is cemented and perfectly even. He opened the ladder and the evened sides in an inverted "V" position with each leg securely firm and extended the ladder to its maximum. He made sure the railing, and latches were safely locked. He then climbed the ladder to drill some small holes in the wall. As he started to drill, he felt a movement and suddenly and without warning the latch twisted and broke causing him to fall backwards, and in an attempt to protect his head, the body took the brunt of the fall.

15.     The Plaintiff at all times acted reasonably and in a safe manner prior to the failure of the subject "Gorilla Ladder". The failure occurred during the normal operation of the ladder and without warning to the Plaintiff, GHELMAN.

16.     The Defendant, TRICAM, at all times material hereto was in a position to correct any and all design, manufacturing and warning defects in the ladder before it was sold and/or placed in the stream of commerce.

17.     The Defendant, TRICAM, at all times material hereto controlled the design and manufacturing of the ladder and controlled the warnings that were affixed to the ladder.

18.     The Defendant, HOME DEPOT, at all times material hereto was in a position to correct any and all design, manufacturing warning defects in the ladder before it was sold and/or placed into the stream of commerce.

19.     The Defendant, HOME DEPOT, at all times material hereto controlled the design and manufacturing of the ladder and controlled warnings that were affixed to the ladder.

### COUNT I, STRICT LIABILITY: MANUFACTURING DEFECT, DESIGN DEFECT AND FAILURE TO WARN AGAINST TRICAM

Plaintiff, JOSUE GHELMAN, incorporates paragraphs 1 through 19 herein.

20.     At all times material, Defendant, TRICAM INDUSTRIES, INC., designed, manufactured, sold and/or distributed the subject "Gorilla Ladder" and placed into the stream of commerce that was defective and unreasonably dangerous as a result of the manufacturing defects because the latch twisted and broke and the fly section buckled causing failure of the ladder. The Plaintiff was unaware that the ladder could fail during normal use and injured the Plaintiff without warning.

21. From the time that the ladder was designed and manufactured to the time of the incident that forms the basis of this complaint, no material alterations were made to the ladder, and it reached the user without substantial change affecting its condition.

22. At all times material hereto, the ladder was defective and unreasonably dangerous in one or more of the following manners:

    a. The latch twisted and broke with the fly section buckling on the ladder and these sudden and unexpected failures could suddenly occur without warning while the Plaintiff was on the ladder during normal and foreseeable use; and,

    b. The ladder did not adequately warn the Plaintiff of its dangerous potential to fail while the Plaintiff was on the ladder during normal and foreseeable use and adequately warn that the latch and fly section could fail and cause serious injury.

23. Due to the defects elaborated in paragraphs 22a and 22b above, the ladder was defective and unreasonably dangerous because its risks of use far outweighed any benefit to either the Plaintiff or the general public.

24. Due to the defects elaborated in paragraphs 22a and 2b above, the ladder was dangerous beyond the expectation of the ordinary and reasonable user, when used as intended, or in a manner reasonably foreseeable by the Defendant.

25. As a result of these defects, when Plaintiff used the ladder, it suddenly failed without warning causing him to fall to the ground and become severely injured.

26. As a result, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of

d.     To manufacture, select, inspect, maintain and/or package the subject "Gorilla Ladder" in a reasonably safe condition free of hazards to the Plaintiff.

e.     To adequately manufacture, select, inspect, maintain and/or package the subject "Gorilla Ladder" for the purposes of detecting any danger or unsafe conditions and to correct or otherwise guard against such conditions.

f.     To properly manufacture, select, inspect, maintain and/or package the subject "Gorilla Ladder" and not allow it to become and remain in a defective condition so that the subject "Gorilla Ladder" would not during its use: and

g.     To warn the Plaintiff of the defective product, such as the Plaintiff of the dangerous condition which TRICAM knew existed or by the use of the reasonable care should have known existed at the time of the injury.

All of the above 28 a-g were evidence of negligence on the part of the Defendant, TRICAM, which were the proximate cause of the accident and Injuries sustained by the Plaintiff.

29.     At all times material, Defendant knew, or in the exercise of reasonable care should have known, that the ladder was defective, unreasonably dangerous and/or hazardous, and did not contain adequate warnings.

30.     As a result, when Plaintiff used the ladder, it suddenly failed without warning causing him to fall to the ground and become severely injured.

31.     As a result, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earnings in the past and loss of earning capacity in the future. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JOSUE GHELMAN, demands judgment for compensatory damages against the Defendant, TRICAM INDUSTRIES, INC., together with any and all other relief the Court deems just and proper under the circumstances. Plaintiff further demands Trial by Jury on all issues so triable.

## COUNT III, STRICT LIABILITY: MANUFACTURING DEFECT, DESIGN DEFECT AND FAILURE TO WARN AGAINST HOME DEPOT

Plaintiff, JOSUE GHELMAN incorporates paragraphs 1 through 19, herein.

32.     At all times material, Defendant, HOME DEPOT, distributed, marketed, supplied, sold and/or warranted the subject "Gorilla Ladder" that was unreasonably dangerous and defectively designed and manufactured because the latch broke and the fly section buckled failed during normal use and injure the Plaintiff without warning.

33.     From the time that the ladder was designed and manufactured to the time of the incident that forms the basis of this complaint, no material alterations were made to the ladder, and it reached the user without substantial change affecting its condition.

34.     At all times material hereto, the ladder was defective and unreasonably dangerous in one or more of the following manners:

a. the latch twisted and broke causing the fly section to buckle on the ladder could suddenly fail without warning while the Plaintiff was on the ladder during normal and foreseeable use; and,

b. the ladder did not adequately warn the Plaintiff of its dangerous potential to unexpectedly fail and cause serious injury.

c. To provide a safe, properly manufactured, selected, inspected, maintained and/or packaged the subject "Gorilla Ladder".

d. To manufacture, select, inspect, maintain and/or package the subject "Gorilla Ladder" in a reasonably safe condition free of hazards to the Plaintiff.

e. To adequately manufacture, select, inspect, maintain and/or package the subject "Gorilla Ladder" for the purposes of detecting any danger or unsafe conditions and to correct or otherwise guard against such conditions.

f. To properly manufacture, select, inspect, maintain and/or package the subject "Gorilla Ladder" and not allow it to become and remain in a defective condition so that the subject "Gorilla Ladder" would not during its use: and

g. To warn the Plaintiff of the defective product, such as the Plaintiff of the dangerous condition which the HOME DEPOT knew existed or by the use of the reasonable care should have known existed at the time of the injury.

35. Due to the defects elaborated in paragraphs 34a and 34b above, the ladder was defective and unreasonably dangerous because its risks of use far outweighed any benefit to either Plaintiff or the general public.

36. Due to the defects elaborated in paragraphs 34a and 34b above, the ladder was dangerous beyond the expectation of the ordinary and reasonable user, when used as intended, or in a manner reasonably foreseeable by the Defendant, HOME DEPOT.

37. As a result of these defects, when Plaintiff used the ladder, it suddenly failed without warning causing him to fall to the ground and become severely injured.

38. As a result, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earning in the past and loss of earning capacity in the future. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JOSUE GHELMAN, demands judgment for compensatory damages against the Defendant, HOME DEPOT USA, INC., together with any and all other relief the Court deems just and proper under the circumstances. Plaintiff further demands Trial by Jury on all issues so triable.

## COUNT IV, NEGLIGENT DESIGN, MANUFACTURE AND WARNING AGAINST HOME DEPOT

Plaintiff, JOSUE GHELMAN incorporates paragraphs 1 through 19, herein.

39. At all times material hereto, the Defendant, HOME DEPOT, owed the Plaintiff a duty to provide a product that was reasonably safe for its intended use and to warn of the dangers associated with the use of the ladder.

40. At all times material hereto, Defendant breached its duty by failing to exercise reasonable care in the design, manufacture, and/or distribution of the ladder in one or more of the following manners:

a. the latch twisted and broke causing the fly section to buckle on the ladder could suddenly fail without warning while the user was on the ladder during normal and foreseeable use; and,

b. the ladder did not adequately warn the user of its dangerous potential to unexpectedly fail and cause serious injury.

c. To provide a safe, properly manufactured, selected, inspected, maintained and/or packaged the subject "Gorilla Ladder".

d. To manufacture, select, inspect, maintain and/or package the subject "Gorilla Ladder" in a reasonably safe condition free of hazards to the Plaintiff.

e. To adequately manufacture, select, inspect, maintain and/or package the subject "Gorilla Ladder" for the purposes of detecting any danger or unsafe conditions and to correct or otherwise guard against such conditions.

f. To properly manufacture, select, inspect, maintain and/or package the subject "Gorilla Ladder" and not allow it to become and remain in a

defective condition so that the subject "Gorilla Ladder" would not during its use: and

g.     To warn the Plaintiff of the defective product, such as the Plaintiff of the dangerous condition which the HOME DEPOT knew existed or by the use of the reasonable care should have known existed at the time of the injury.

41.     At all times material, Defendant knew, or in the exercise of reasonable care should have known, that the ladder was defective, unreasonably dangerous and/or hazardous, and did not contain adequate warnings.

42.     As a result, when Plaintiff used the ladder, it suddenly failed without warning causing him to fall to the ground and become severely injured.

43.     As a result, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earnings in the past and loss of earning capacity in the future.  The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JOSUE GHELMAN, demands judgment for compensatory damages against, Defendant, HOME DEPOT USA, INC., together with any and all other relief the Court deems just and proper under the circumstances.

## DAMAGES CLAIMED COMMON TO ALL COUNTS
## DAMAGES CLAIMED BY PLAINTIFF, JOSUE GHELMAN

Plaintiff, JOSUE GHELMAN has incurred and will continue to incur the following damages, which are permanent or continuing in nature:

a.     Bodily injury;

b.   Pain and suffering;

c.   Disability;

d.   Mental anguish;

e.   Loss of the capacity for the enjoyment of life;

f.   Medical and hospital care and expenses in the past and to be incurred in the future;

g.   Loss of earnings in the past;

h.   Loss of earning capacity in the future;

i.   Emotional distress;

j.   All other damages allowable as a matter of law.

WHEREFORE, Plaintiff, JOSUE GHELMAN, demands judgment for all damages and recoverable under law, as well as post-judgment interest, the costs and fees of bringing this action as allowed by law, and any other relief this Honorable Court deems just and proper.

Plaintiff further demands Trial by Jury on all issues so triable.

LAWLOR & ASSOCIATES, P.A.
601 S. Federal Highway, Suite #203
Boca Raton, Florida 33432
Telephone  561-372-3500
Facsimile:  561-372-3501

By:_____
PATRICK W. LAWLOR, ESQ.
Florida Bar No.: 969941

life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earning in the past and loss of earning capacity in the future. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JOSUE GHELMAN, demands judgment for compensatory damages against Defendant, TRICAM INDUSTRIES, INC., together with any and all other relief the Court deems just and proper under the circumstances. Plaintiff further demands Trial by Jury on all issues so triable.

## COUNT II, NEGLIGENT DESIGN, MANUFACTURE AND WARNING AGAINST TRICAM

Plaintiff, JOSUE GHELMAN, incorporates paragraphs 1 through 19, herein.

27. At all times material hereto, the Defendant, TRICAM INDUSTRIES, INC., owed the Plaintiff a duty to provide a product that was reasonably safe for its intended use and to warn of the dangers associated with the use of the ladder.

28. At all times material hereto, Defendant breached its duty by failing to exercise reasonable care in the design, manufacture, and/or distribution of the ladder in one or more of the following manners:

a. the latch twisted and broke causing the fly section to buckle on the ladder could suddenly fail without warning while the Plaintiff was on the ladder during normal and foreseeable use; and,

b. the ladder did not adequately warn the Plaintiff of its dangerous potential to unexpectedly fail and cause serious injury.

c. To provide a safe, properly manufactured, selected, inspected, maintained and/or packaged the subject "Gorilla Ladder".



## How doers get more done.

950 SE 12ST HIALEAH FL,33010
STORE MANAGER JUAN NARANJO 3058837748

6378  00053  46275    06/11/24  04:32 PM
SALE SELF CHECKOUT

722571015244 18FTMPXLDDR <A,S>    179.00
   18FT MPX MULTIPOSITION LADDER 300 LB
850032210560 TESTER <A>           22.88
   TECHNICIAN MAINTENANCE TESTER KIT

                SUBTOTAL       201.88
                SALES TAX       14.13
                TOTAL        $216.01
XXXXXXXXXXX3005  AMEX
                       USD$ 216.01
AUTH CODE 841658/4533499          TA
Chip Read
AID A000000025010801   AMERICAN EXPRESS



6378 53 46275 06/11/2024 0491

        RETURN POLICY DEFINITIONS
    POLICY ID   DAYS    POLICY EXPIRES ON
A      1        90          09/09/2024

****************************************
          **DID WE NAIL IT?**

Take a short survey for a chance TO WIN
    A $5,000 HOME DEPOT GIFT CARD

        Opine en español

    www.homedepot.com/survey

    User ID: H89 99217 92892
      PASSWORD: 24311 92839

Entries must be completed within 14 days
  of purchase. Entrants must be 18 or
  older to enter. See complete rules on
    website. No purchase necessary.

*Exhibit 1*